UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

LORENZO DEJUAN HARRIS,

          Plaintiff,                    Case No. 1:24-cv-626

v.                                         Honorable Paul L. Maloney

NICHOLAS SINGERLING et al.,

          Defendants.
_____/

## ORDER LIFTING STAY AND FOR SERVICE

      This is a prisoner civil rights action. In orders (ECF Nos. 4, 5) entered on June 21, 2024, the Court granted Plaintiff leave to proceed *in forma pauperis*, referred the case to the *Pro Se* Prisoner Civil Rights Litigation Early Mediation Program, and stayed the case for any purpose other than mediation. On June 1, 2024, the Court received a statement (ECF No. 6) from Plaintiff requesting that the case be excluded from early mediation. Therefore, in an order (ECF No. 9) entered on July 10, 2024, the Court removed the case from early mediation. Accordingly,

      **IT IS ORDERED** that the stay of this proceeding that was entered to facilitate the mediation is **LIFTED**.

      **IT IS FURTHER ORDERED** that, because the Court granted Plaintiff leave to proceed *in forma pauperis* in its June 21, 2024, order (ECF No. 4), Plaintiff is responsible for paying the entire $350.00 filing fee in installments, in accordance with 28 U.S.C. § 1915(b). *See McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled in other part by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *Hampton v. Hobbs*, 106 F.3d 1281 (6th Cir. 1997). Plaintiff must pay the filing fee through monthly payments of 20 percent of the preceding month's income

credited to Plaintiff's prison trust fund account. *See* 28 U.S.C. § 1915(b)(2). Accordingly, each month that the amount in Plaintiff's trust account exceeds $10.00, the agency having custody of Plaintiff shall collect 20 percent of the preceding months' income and remit that amount to the Clerk of this Court. The agency shall continue to collect monthly payments from Plaintiff's prisoner account until the entire filing fee is paid.

**IT IS FURTHER ORDERED** that the 90-day period for service set forth in Federal Rule of Civil Procedure 4(m) shall run, starting with the date of this order.

**IT IS FURTHER ORDERED** that the Clerk shall forward the complaint to the U.S. Marshals Service, which is authorized to mail requests for waiver of service to Defendants Singerling and Hoag in the manner prescribed by Fed. R. Civ. P. 4(d)(2). If waiver of service is unsuccessful, summonses shall issue and be forwarded to the U.S. Marshals Service for service under 28 U.S.C. § 1915(d).

**IT IS FURTHER ORDERED** that Defendants shall file an appearance of counsel (individual Defendants may appear *pro se* if they do not have counsel) within 21 days of service or, in the case of a waiver of service, 60 days after the waiver of service was sent. Until so ordered by the Court, Defendants are not required to file an answer or motion in response to the amended complaint, and no default will be entered for failure to do so. *See* 42 U.S.C. § 1997e(g)(1). After a Defendant has filed an appearance, proceedings in this case will be governed by the Court's Standard Case Management Order in a Prisoner Civil Rights Case.

Dated:  July 15, 2024                    /s/ Ray Kent
                                                              Ray Kent
                                                              United States Magistrate Judge